# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **BRANDON KEITH LECROY,** | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) |
| v. | ) 1:07-cv-08040-VEH-JEO |
| | ) 1:07-cr-00011-VEH-JEO |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Brandon Keith LeCroy initiated the present action by filing a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. (07-08040 at Doc. 1).[1] Upon consideration of the defendant's arguments, the Court finds that the motion is due to be dismissed.

## BACKGROUND

The defendant was charged on January 31, 2007, in a two-count indictment. (07-0011 at Doc. 2). He was charged in the first count with knowing receipt and possession of a firearm which was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). *Id*. He was

---

[1] References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the Court's record in this case. The pleadings from the original criminal case are designated as "07-0011" and the pleadings on the motion to vacate are designated as "07-08040".

charged in the second count with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The defendant executed a plea agreement on both counts on April 5, 2007. *Id*. at Doc. 11. He was sentenced on July 10, 2007. He received a 120 month sentence on count one and a 188 month sentence on count two, to be served concurrently with each other and with a circuit court sentence, followed by 60 months supervised release time. *Id*. at Doc. 16. The defendant did not appeal either the plea or sentence.

On December 21, 2007, he filed the present motion to vacate. Therein, he alleges that (1) his counsel was ineffective for advising him to plead guilty to a concurrent federal sentence, (2) the Grand Jury failed to charge him with a 18 U.S.C. § 922(g)(1) violation in the indictment, (3) his counsel was ineffective for advising him to plead guilty to count two "where no reference to 18 U.S.C. § 924(e) would legally subject him to the legal penalties of the statute 924(e)," and (4) his counsel was ineffective for not preserving his Fourth Amendment violation claim. (07-08040 at Doc. 1). The magistrate judge assigned this matter required the United States to file a response to show cause why the requested relief should not be granted. (07-08040 at Doc. 2). The United States responded that the motion was due to be dismissed because the defendant knowingly, intelligently, and voluntarily waived his right to file a motion pursuant to § 2255. *Id*. at Doc. 4. The Court afforded the

2

defendant an opportunity to reply to the response of the United States. The defendant responded with a motion for a full evidentiary hearing. *Id*. at Doc. 6.

## DISCUSSION

### Waiver

The defendant agreed to waive his right to seek relief pursuant to 28 U.S.C. § 2255 when he entered his guilty plea in this case. That waiver is evidenced by the plea agreement. (07-0011 at Doc. 11). Additionally, the defendant acknowledged the waiver during his guilty plea hearing. Specifically, at the plea hearing, the Court inquired whether the defendant understood that he was giving up certain of his rights to challenge the plea and sentences imposed. (07-0011 at Doc. 18 at p. 7). The defendant, who was under oath, indicated that he understood the plea agreement and the waiver provisions. *Id*.

As asserted by the United States, the Eleventh Circuit Court of Appeals has held that an appeal waiver provision in a plea agreement is enforceable if the waiver is made knowingly and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961, 122 S. Ct. 2666, 153 L. Ed. 2d 840 (2002); *United States v. Pease*, 240 F.3d 938, 942 (11th Cir.), *cert. denied*, 534 U.S. 967, 122 S. Ct. 381, 151 L. Ed. 2d 290 (2001). *See also Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005) (a valid sentence-appeal waiver entered into

voluntarily and knowingly pursuant to a plea agreement, precluded the defendant from attempting to attack his sentence in a collateral proceeding through a claim of ineffective assistance of counsel during sentencing). Similarly, a waiver of collateral review has also been approved by the Eleventh Circuit so long as the United States demonstrates that the waiver was made knowingly, intelligently, and voluntarily. *Allen v. Thomas*, 161 F.3d 667 (11th Cir. 1998); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The Eleventh Circuit views a waiver as a contract between the Government and a criminal defendant. It has stated:

> [A]mong the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). In this case, [the appellant's] waiver was clearly knowing and voluntary – he was specifically questioned by the district court regarding the waiver of his right to appeal. *See United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). The plea agreement is therefore enforceable and would appear to bar this appeal.

*United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999).

The record demonstrates that the defendant's assent to the terms of his plea agreement, including his waiver of his right to appeal and to pursue relief in a § 2255 motion, was knowingly, intelligently, and voluntarily made. The court specifically informed the defendant that waivers in plea agreements may be enforceable, and that the Appellate Court was the appropriate forum for any challenge to the enforceability

of the waiver. (07-08040 at Doc. 4-3 at p. 7). Additionally, the record demonstrates that the defendant had the ability to understand his decision to waive these rights. *Id*. at p. 3. Accordingly, the defendant's motion is barred from review by this court.

## CONCLUSION

Premised on the foregoing, the defendant's motion to vacate is due to be denied and dismissed with prejudice. An appropriate order denying this motion will be entered contemporaneously herewith.

**DONE** this the 22nd day of August, 2008.

                                                          _____
                                                          **VIRGINIA EMERSON HOPKINS**
                                                          United States District Judge